IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **PATRICIA POTTS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. H-04-2852 |
| | § | |
| **CROSBY INDEPENDENT SCHOOL DISTRICT, et al.,** | § | |
| | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Presently pending before the Court are the following motions:

Defendant Office of the Attorney General of Texas' Second Motion to Dismiss (Dkt. #48), Defendant Helen Leonard's Motion to Dismiss (Dkt. #50), Defendant Dell Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction, Failure to State a Claim, Insufficient Service of Process, and More Definite Statement (Dkt. #57), Defendant Crosby Independent School District's Motion to Dismiss (Dkt. #59), Crosby State Bank's Rule 12(b)(1) and 12(b)(6) Motion to Dismiss or, alternatively, For More Definite Statement (Dkt. #61), Defendant Harris County Sheriff's Department's Third Motion to Dismiss (Dkt. #68), Second Motion to Dismiss of Baytown Police Department and City of Baytown (Dkt. #69), Plaintiff's Motion for Extension of Time for Service of Process (Dkt. #70), Crosby State Bank's Rule 12(b)(1) and 12(b)(6) Motion to Dismiss or, alternatively, For More Definite Statement (Dkt. #74), Defendant Dell Inc.'s Second Motion to Dismiss for Lack of Subject Matter Jurisdiction, Failure to State a Claim and More Definite Statement (Dkt. #76), Defendant Reliant Energy, Inc.'s Second Motion to Dismiss (Dkt. #88), Plaintiff's Motion for Extension of Time to File Answer (Dkt. #93), Second Motion to Dismiss by Office of Attorney General of Texas (Dkt. #96), Plaintiff's Motion for Extension of Time (Dkt.

#97), Plaintiff's Notice and Motion for Order for Injunctive Relief (Dkt. #101), Plaintiff's Motion to Add Defendants (Dkt. #103), Plaintiff's Motion for Permission to Make Service of Motions upon Defendants via Facsimile (Dkt. #107), Plaintiff's Motion for Entry of Default against Mercy Ezeh (Dkt. #108), Plaintiff's Motion to Disclose Confidential Information (Dkt. #112), Plaintiff's Motion to Add Defendant Harris County, Texas (Dkt. #115), and Defendant Texas Department of Family and Protective Services' Motion to Dismiss (Dkt. #120).

## Plaintiff's Allegations

In her Second Amended Complaint, Plaintiff makes vague, conclusory, and seemingly unrelated allegations of "discrimination, conspiracy, harassment, retaliation, slander and the violation of equal protection rights" by the Defendants with very few factual averments in support. The Court's understanding of the allegations follows.

Plaintiff sues her mother, Helen Leonard, for slander. Plaintiff alleges that between 1994 and September 2004, Leonard referred to her as "mentally incompetent," in retaliation for Plaintiff's refusal to sign documents giving Plaintiff's step-father ownership of the family home.

Plaintiff also alleges that in February of 1999, while at the Star of Hope homeless shelter, she reported to the shelter's director that Mercy Ezeh ("Ezeh"), an employee of the shelter, was engaging in unspecified "corrupt activity" in connection with a minor and her family.[1] Plaintiff contends that shortly after reporting this "corrupt activity," Ezeh retaliated against her by conspiring with the remaining defendants to harass and discriminate against her.[2]

---

[1] At the Rule 16 conference, Plaintiff expanded this retaliation allegation to include her belief that Ezeh was paying "ex-convict women" to harass Plaintiff, the director and assistant director of the shelter. *See* Transcript of Rule 16 Conference, Dkt. #84, p. 6.

[2] *See* Plaintiff's Second Amended Complaint, Dkt. #23, p. 2.

Specifically, Plaintiff alleges that the Office of the Attorney General retaliated against her in violation of her civil rights when it directed her ex-husband, Vincent William, to mail his child support payments to the Harris County Child Support Division, falsely told her that it had not located William, and failed to modify her child support amount in spite of her requests that it do so.[3] Plaintiff also theorizes that the Office of the Attorney General deliberately turned a blind eye to William's failure to support his other children in exchange for his agreement to take custody of their daughter.[4]

Plaintiff claims that the Harris County Sheriff's Department retaliated against her by placing theft charges on her record, thereby preventing her from obtaining gainful employment. She also complains that the Harris County Sheriff's Department failed to investigate when her apartment was burglarized and ignored Plaintiff's complaints of harassment by her neighbors.[5]

Similarly, Plaintiff alleges that the Baytown Police Department discriminated against her when it refused to investigate her complaints of harassment by her neighbors and referred to her as "schizophrenic."[6]

Plaintiff complains that her former employer, Crosby Independent School District ("CISD"), entered into the conspiracy with the other defendants when it fired her from her job as a bus driver with no explanation.[7]

---

[3] *See* Plaintiff's Second Amended Complaint, Dkt #23, pp. 4-5.

[4] *Id.*

[5] *See* Plaintiff's Second Amended Complaint, Dkt. #23, p. 6.

[6] *Id.*

[7] *Id.*

Plaintiff claims that Dell Computers, Inc. ("Dell") and Crosby State Bank joined the conspiracy when she attempted to purchase a Dell computer using an electronic check from her account at Crosby State Bank. When the Dell salesperson informed her that the electronic check purchase had been unsuccessful, Plaintiff called the Crosby State Bank, which confirmed that the electronic check purchase had been unsuccessful. According to Plaintiff, the bank suggested that Plaintiff activate her debit card and use it to purchase the computer. Plaintiff did as instructed, but her account was debited twice for the purchase.[8]

Plaintiff complains that Reliant Energy discriminated against her when it failed to bill her for electricity for eleven months, then sent her five bills totaling $1599 for an apartment in which Plaintiff never lived. She also alleges that Reliant Energy sent her a $900 electric bill for three months usage when she never had had a bill in excess of $50 per month. Plaintiff was placed on a repayment schedule and told to pay $500 immediately in spite of Plaintiff's enrollment in Reliant Energy's Lite-Up plan for low-income individuals.[9]

Plaintiff alleges that the Baker Downs Apartments joined other defendants in harassing and discriminating against her by ignoring her complaints about her neighbors, conspiring with Reliant Energy to overbill her and turn off her electric service during her move-out, and charging her $1500 for clean up to her apartment.[10]

---

[8] At the Rule 16 conference, Plaintiff told the Magistrate Judge that the money was returned to her account, but not before she incurred nsf charges. *See* Transcript of 16 Conference, Dkt. #84, at p. 14. According to Dell's Motion to Dismiss, on June 5, 2003, Plaintiff sued Dell in Harris County Small Claims Court and recovered $300 in damages for the nsf charges. *See* Dell's Second Motion to Dismiss for Lack of Subject Matter Jurisdiction, Dkt. #76. Dell has tendered this award to Plaintiff. Plaintiff appealed this judgment to county court at law where her appeal will be held as a trial de novo. *Id.*

[9] *See* Plaintiff's Second Amended Complaint, Dkt. #23, p. 4.

[10] *See* Plaintiff's Second Amended Complaint, Dkt. #23, pp. 3-4.

Plaintiff further claims that Defendants Leonard, Baker Downs Apartment, Harris County Child Protective Services, the Baytown Police Department, and Vincent William conspired to terminate her parental rights by alleging that she was schizophrenic.[11]  The Court later granted Plaintiff's motion to substitute the Texas Department of Family and Protective Services ("TDFPS") in the place of Harris County Child Protective Services.[12]

The Court first turns to the numerous motions to dismiss filed by defendants.

### Dismissal Standard

Pursuant to the federal rules, dismissal of an action is appropriate whenever the complaint, on its face, fails to state a claim upon which relief can be granted.  *See* FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts.  *Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003); *Rolf v. City of San Antonio*, 77 F.3d 823, 827 (5th Cir. 1996).  Dismissal of a claim is improper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the allegations which would entitle the plaintiff to relief.  *Kane Enters.*, 322 F.3d at 374 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-45 (1957)); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).  If the court considers matters beyond those in the pleadings, the motion must be treated as one for summary judgment.  FED. R. CIV. P. 12(b); *Morin v. Caire*, 77 F.3d 116, 123 (5th Cir. 1996).

A court may properly dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) when a plaintiff has failed to establish subject matter jurisdiction.  Lack of subject matter jurisdiction may be found

---

[11] *See* Plaintiff's Second Amended Complaint, Dkt. #23, p. 3.

[12] *See* Dkt. #67.

on the basis of the complaint alone. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Here, Plaintiff has the burden of proof to properly allege a set of facts which invokes the court's jurisdiction. *McNutt v. Gen. Motors Accept. Corp.*, 298 U.S. 178, 182 (1936).

## Analysis

### I.     Office of the Attorney General and the TDFPS

Defendants Office of the Attorney General and the TDFPS move to dismiss Plaintiff's Second Amended Complaint on the basis of Eleventh Amendment . They alternatively argue that this Court lacks subject matter jurisdiction based on the *Rooker-Feldman* doctrine and the domestic relations exception to federal jurisdiction.

The Eleventh Amendment to the United States Constitution,[13] as interpreted by case law, bars suits brought against a state or state agencies by one of its citizens unless the state specifically waives its immunity, or Congress, in enacting a particular statute, intentionally abrogates the States' sovereign immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). As state agencies, Defendants are entitled to raise Eleventh Amendment immunity to suit, even if the suit is brought pursuant to federal civil rights statutes such as 42 U.S.C. §§ 1983 or 1985(3). *See Will*, 491 U.S. at 66 (reaffirming that Congress did not override Eleventh Amendment immunity when it passed 42 U.S.C. § 1983.)

Because the Court finds that Plaintiff cannot overcome Defendants' meritorious claims of sovereign immunity, it need not discuss grounds for dismissal under the *Rooker-Feldman* doctrine

---

[13]    The Eleventh Amendment reads: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

and the "domestic relations" exception to federal jurisdiction raised by Defendants as alternative bars to suit.

Defendant Office of Attorney General of Texas' Second Motion to Dismiss (Dkt. ## 48, 96) and the TDFPS' Motion to Dismiss (Dkt. #120) are GRANTED.  The TDFPS' alternative Motion for More Definite Statement is MOOT.

## II.     Dell, Crosby State Bank, Reliant Energy

Defendants Dell, Crosby State Bank, and Reliant Energy have moved to dismiss on the grounds that Plaintiff's Second Amended Complaint fails to allege federal question jurisdiction and fails to state a claim upon which relief can be granted.  Plaintiff responded to these motions to dismiss alleging, for the first time, that these defendants violated 42 U.S.C.§§ 1983 and 1985(3) when they conspired to retaliate for her exercise of her First Amendment right to freedom of speech.

The Court agrees that Plaintiff's Second Amended Complaint fails to state a claim for relief against these defendants.  Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss  *S. Christian Leadership Conference v. Supreme Court of Louisiana*, 252 F.3d 781, 786 (5th Cir. 2001).  Even if the Court were to allow Plaintiff leave to amend her complaint to add the First Amendment allegations, amendment would be futile, for the reasons discussed below.

To establish a claim under Section 1983, Plaintiff must establish that she has been deprived of a right secured by the Constitution or laws of the United States and that the deprivation was committed under color of state law. *Am. Mfg. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). In other words, the alleged Constitutional violation must be "caused by the exercise of some right or privilege created by the state or by a rule of conduct imposed by the state or by a person for whom may fairly be said to be a state actor."  *Id.* at 50.  *See also Yeager v. City of McGregor*, 980

F.2d 337, 339 (5th Cir. 1993) ("The ultimate issue in a § 1983 case is whether the alleged infringement of federal rights stemmed from conduct fairly attributable to the state.").

Crosby State Bank, Dell, and Reliant Energy, are not state actors and are not alleged to have taken any action under color of state law. Section 1983 does not apply to non-state actors. *See Gomez v. Housing Authority of the City of El Paso*, 148 S.W.3d 471 (Tex. App.—El Paso, 2004, pet. denied) (molestation involved a private actor, not a state actor, and implicated no violation of a federally-protected right). Therefore, even if Dell, Crosby State Bank, or Reliant Energy acted as Plaintiff alleged, Section 1983 provides no avenue for redress. The Court concludes that Plaintiff cannot state a claim for relief against any of these defendants under Section 1983.

In order to prevail on a Section 1985(3) claim, Plaintiff must allege and prove a conspiracy by persons to deprive her of the equal protection of the law. In this circuit, a Section 1985(3) plaintiff must allege that the (1) defendants conspired (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, and (3) one or more of the conspirators committed some act in furtherance of the conspiracy, whereby (4) the plaintiff was injured, and (5) the action was motivated by a racial animus. *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 270 (5th Cir. 2001) (citing *Wong v. Stripling*, 881 F.2d 200, 202-20 (5th Cir. 1989).

Here, Plaintiff claims that she was discriminated against because of her protected speech, and not because of racial animus. Simply put, Plaintiff has failed to make the requisite allegations to state a claim for relief against Crosby State Bank, Dell, or Reliant Energy under Section 1985(3). Even broadly construing Plaintiff's *pro se* allegations, the Court can discern no other federal cause of action available under the facts as related by Plaintiff. Accordingly, the Court GRANTS the

motions of Dell Computer Inc., Crosby State Bank, and Reliant Energy to dismiss for failure to state a claim for relief (Dkt. ##57, 76, 61, 74, and 88).

Because the Court finds that Plaintiff has failed to state a claim for relief against either Dell or Crosby State Bank, their alternative motions for more definite statement and insufficient service of process are MOOT.

## III. CISD

In her Second Amended Complaint, Plaintiff made one allegation concerning CISD, stating, "C[ISD] became influenced by retaliation against Plaintiff and discriminated against Plaintiff by firing her from her job as a school bus driver, with no explanation."[14] CISD filed its motion to dismiss based on the assumption that Plaintiff intended to allege a Title VII violation.[15] However, in her response to Defendant's motion to dismiss, Plaintiff responded that, "As stated in Plaintiff's Fourth Amended Complaint,[16] Ms. Potts is alleging a claim for discrimination under 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3)." While it appears that Plaintiff has recharacterized her claim against

---

[14] *See* Second Amended Complaint and Request for Trial by Jury, Dkt. #23, p. 6.

[15] This impression was bolstered by Plaintiff's own characterization of her suit against Crosby Independent School District as a Title VII action in her Original Complaint (Dkt. #3) and at the Rule 16 conference before the Magistrate Judge. *See* Transcript of Scheduling Conference, October 13, 2004, Dkt. #84, p. 15. At that conference, Plaintiff informed the Magistrate Judge that she had sued CISD because they had fired her. She further stated that she had filed a charge of discrimination with the EEOC, but had not received her right to sue letter.
  Defendant correctly points out that there are two statutory prerequisites for filing a Title VII action in federal court: (1) the filing of a complaint with the Equal Employment Opportunity Commission; and (2) the receipt of the statutory notice of the right to sue. *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788, 789 (5th Cir. 1996) (exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue); 42 U.S.C. ' 2000e-5(f)(1)(providing that a Title VII action may be brought "within ninety days after the giving of notice").
  Although filing of an EEOC charge is not a jurisdictional prerequisite, it "is a precondition to filing suit in district court." *Dao*, 96 F.3d at 789. Here, Plaintiff has failed to allege that she both filed a timely charge of discrimination with the EEOC and timely filed this action within ninety days from receiving notice of the right to sue. Given that failure to allege exhaustion of administrative remedies, Plaintiff has failed to state a Title VII claim for relief against CISD.

[16] The Court has stricken the Fourth Amended Complaint as filed without leave of court, but notes that the single factual allegation against the CISD is the same in both pleadings. *See* Dkt. #67.

9

CISD in order to avoid the merits of its motion to dismiss based on a failure to exhaust Title VII administrative remedies, the Court finds that Plaintiff's single sentence in the Second Amended Complaint fails to allege either a First Amendment retaliation violation under 42 U.S.C. § 1983 or a violation of 42 U.S.C. § 1985(3).

Unlike Dell, Crosby State Bank, and Reliant Energy, CISD allegedly violated Plaintiff's First Amendment rights as a public employer. This raises the issue of whether the Court should allow Plaintiff an opportunity to replead this claim.

In *Teague v. City of Flower Mound, Texas*, 179 F.3d 377, 380 (5th Cir. 1999) the court set out four elements to an employee's First Amendment retaliation claim against her employer: First, the Plaintiff must suffer an adverse employment action. *See Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997). Second, the Plaintiff's speech must involve a matter of public concern. *See Thompson v. City of Starkville*, 901 F.2d 456, 460 (5th Cir. 1990) (citing *Connick v. Myers*, 461 U.S. 138, 147 (1983). Third, the Plaintiff's interest in commenting on the matters of public concern must outweigh the Defendant's interest in promoting efficiency. *Thompson*, 901 F.2d at 365 (citing *Pickering v. Board of Education*, 391 U.S. 563 568 (1968). Fourth, Plaintiff's speech must have motivated Defendant's action. *Thompson*, 901 F.2d at 460 (citing *Mt. Healthy City School Dist. v. Doyle*, 429 U.S. 274 (1977). Here, the Court focuses on whether Plaintiff has sufficiently alleged that her speech involved a matter of public concern.

As a public employee, Plaintiff's speech is only entitled to judicial protection if it addresses a matter of public concern. *Connick v. Myers*, 461 U.S. 138, 146 (1983). In determining this issue, *Connick* further instructs courts to consider "the content, form, and context of a given statement, as revealed by the whole record." *Id.* at 147-48. If the speech does not address a matter of public concern, then it is not necessary to scrutinize the reasons for discharge. *Connick*, 461 U.S. at 147.

While Plaintiff generally alleges in her response that she was terminated in retaliation for speaking out concerning "corrupt acts" and "corrupt individuals," the only speech she has identified as addressing a matter of public concern were her complaints to management of the Star of Hope shelter about the actions of Mercy Ezeh.[17]  The Court concludes that Plaintiff's alleged statement that, in 1999, Ezeh had paid "ex-convict women" to harass her and Ezeh's supervisors does not raise an issue of public concern.  Plaintiff has failed to allege the content, context, or form of any other protected statement, or to whom or when the statement was made.

The Court concludes that granting Plaintiff leave to amend her complaint to add a First Amendment claim against CISD would be futile as it appears beyond doubt that she can prove no set of facts in support of her claim which would entitle her to relief.  Defendant CISD's Motion to Dismiss (Dkt. #59) is GRANTED.

**IV**.   **Helen Leonard**

In her Second Amended Complaint, Plaintiff sues her mother, Helen Leonard, for making statements that Plaintiff is "mentally incompetent."[18]  In her response to Leonard's motion to dismiss, Plaintiff denies that she has been diagnosed as schizophrenic and contends that she does not require psychiatric medicine or a controlled environment of a psychiatric institution as Leonard believes.

The docket sheet reflects that both Plaintiff and Helen Leonard are residents of Texas.  The Court lacks subject matter jurisdiction over this state law claim of slander because Plaintiff cannot meet the jurisdiction prerequisites of 28 U.S.C. § 1332.

---

[17]    The Court has stricken the Fourth Amended Complaint as filed without leave of court, but notes that the single factual allegation against the Crosby Independent School District is the same in both pleadings.  *See* Dkt. #67.

Defendant Helen Leonard's Motion to Dismiss (Dkt. #50) is GRANTED.

## V.     Harris County Sheriff's Department, Harris County

Defendant Harris County Sheriff's Department moves to dismiss Plaintiff's Second Amended Complaint on several grounds.  First, Harris County Sheriff's Department argues that as a *non sui juris* division of Harris County, Texas, it lacks the capacity to sue or be sued.  The Court agrees.  A department of a local governmental entity must "enjoy a separate legal existence" to be subject to suit.  *Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313 (5th Cir. 1991).  Plaintiff has the burden of showing that the county department has the capacity to be sued.  *Darby*, 939 F.2d at 314.  The Fifth Circuit has held that Texas law does not allow county or municipal police departments to sue or be sued directly.  *Darby*, 939 F.2d at 313-314.  Defendant Harris County Sheriff's Department's Motion to Dismiss, (Dkt. #68) is GRANTED**.**  As the Court grants the motion on this ground, it need not discuss the alternative grounds for dismissal.

Plaintiff has moved the Court to add Harris County, Texas, as a defendant.  *See* Dkt. #115. Her sole allegation in support thereof is, "This entity is a key participant to this action and has erroneously been left off of the original petition."  *Id.*  Based on that statement, the Court assumes that Plaintiff's allegations against Harris County are the same as those leveled against the Harris County Sheriff's Department.

As the Court understands Plaintiff's allegations against Harris County, she complains that the Harris County Sheriff's Department communicated unfavorable information to prospective employers during background checks and incorrectly reported that she was a fugitive to a prospective landlord, resulting in the loss of both employment and housing.  She also complains that the Harris County Sheriff failed to investigate a burglary of her apartment and failed to respond to her complaints about her neighbors.

As discussed above, a plaintiff can establish a prima facie case under Section 1983 by alleging 1) a violation of a federal constitutional or statutory right; and 2) that the violation was committed by an individual acting under the color of state law.  *Doe v. Rains County Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir. 1995).  The statute creates no substantive right, but only provides remedies for deprivations of rights created under federal law.  *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

In order to attribute Section 1983 liability to a local government, a plaintiff must establish the elements of a prima facie case, and must demonstrate that the county had a custom or policy that resulted in the constitutional injuries alleged.  *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).  The existence of a constitutional or statutory violation is a necessary component of a prima facie case.  *See Doe*, 66 F.3d at 1406; *see also City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point.").

Plaintiff fails to allege the violation of a constitutional right concerning her allegations that the Harris County Sheriff failed to investigate burglary or noise complaints filed by Plaintiff.  With respect to Plaintiff's other allegations, the Court is not aware of case law which would make the mere communication of unfavorable or incorrect information during a background check a constitutional violation.  For example, in *Campbell v. City of San Antonio*, 43 F.3d 973 (5th Cir. 1995), the court found that the plaintiff had no constitutional right to be protected from the police officer's merely negligent conclusion that she was the suspect who sold him crack cocaine.  *Campbell*, 43 F.3d at 977.  Finally, Plaintiff has failed to allege a custom, policy, or practice that was the moving force behind the alleged constitutional violation.  Isolated violations are not

sufficient to raise a fact issue of a policy or custom which resulted in the infringement of Plaintiff's constitutional rights. *Bennett v. City of Slidell*, 728 F.2d 762, 768 n. 3 (5th Cir. 1984).

The Court concludes that granting Plaintiff leave to amend her complaint against Harris County, Texas would be futile as it appears beyond doubt that she can prove no set of facts in support of her claim which would entitle her to relief. Plaintiff's Motion to Add Harris County, Texas (Dkt. #115), is DENIED.

## VI. Baytown Police Department, City of Baytown

Like the Harris County Sheriff's Department, the Baytown Police Department argues that it is not a separate legal entity and cannot be sued directly. Again, the Court agrees. Plaintiff has failed to show that the Baytown Police Department has been granted a separate legal existence from the City of Baytown. *See Darby*, 939 F.2d at 314. The Baytown Police Department must be DISMISSED.

The Court next turns to whether Plaintiff has stated a claim for relief against the City of Baytown under 42 U.S.C. § 1983 for its alleged failure to protect her from harassment and refusing to investigate Plaintiff's charges of harassment and threats. The City of Baytown can only be held liable if Plaintiff's injury was the result of a decision by a final policy maker, or by an official custom that fairly represents a municipal policy of which the final policy maker had actual or constructive knowledge. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986). Plaintiff has failed to allege a Section 1983 violation against the City of Baytown.

With respect to Plaintiff's claim that the City of Baytown slandered her by labeling her "schizophrenic," the Court finds that such a cause of action is precluded by the Texas Tort Claims

14

Act, Tex. Civ. Prac. & Rem. Code, § 101.057(2).  Plaintiff has failed to state any claim for relief against the City of Baytown.  The City of Baytown is DISMISSED.

## VII.     Allegations against Mercy Ezeh, Vincent William, and the Baker Downs Apartments

Defendants Ezeh, William, and the Baker Downs Apartments have not responded to Plaintiff's lawsuit[19].  The Court finds that Plaintiff's allegations against these defendants do not raise claims upon which the court can grant relief.  No cause of action under 42 U.S.C. § 1983 may lie against these individuals as they are not alleged to have taken any action under color of state law.  Without a  federal claim, this Court may not exert supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) over state law claims against these non-diverse defendants.  *See Moore v. Willis I.S.D.*, 233 F.3d 871, 876 (5th Cir. 2000).  Claims against these defendants are DISMISSED, *sua sponte*.  Plaintiff's Motion for Entry of Default against Mercy Ezeh (Dkt. #108) is MOOT.

## VIII.    Plaintiff's remaining motions

On February 17, 2005, Plaintiff moved for injunctive relief from "torture, abuse, witness tampering, and obstruction of justice."  *See* Dkt. #101.  In that motion, Plaintiff  alleged that the Defendants, collectively, had intentionally deprived Plaintiff and her daughter of sleep by causing persons to repeatedly speed past her home three to four times per night, attempted to injure her in staged motor vehicle accidents, hooked an iron rod around her wheel, causing sparks to fly out near her gas tank, released air from her tires, and had cars pull in front of her on the freeway.  The legal basis for this motion is the same as those claims addressed above, that is, the defendants, at the instigation of Mercy Ezeh,  retaliated against her because of Plaintiff's complaints of Ezeh's

---

[19]     Ezeh has purportedly been served and Plaintiff filed a motion for a default judgment against her; there is no indication that Defendants William and Baker Downs Apartments have been served process in this action.

15

activities at the Star of Hope homeless shelter. Because the Court has found that Plaintiff has failed to state a substantive claim against each defendant, this motion for injunctive relief must be DENIED as MOOT.

Plaintiff also seeks to add as defendants LCJ Management and Carlton Stevens. *See* Dkt. #103. Plaintiff alleges that LCJ Management owns the Crosby Meadows Apartments where she lives. Carlton Stevens is a tenant who directly lives above her. She claims that Stevens has joined the conspiracy against her by banging on Plaintiff's ceiling to prevent her from sleeping and keeping a job. Plaintiff complains that the apartment complex has ignored her complaints about Stevens. These allegations fail to state claims for relief. Plaintiff's motion for leave to add these defendants is DENIED.

In her Motion to Disclose Confidential Information (Dkt. #112), Plaintiff moves the Court to disclose the identity of the person who made a child neglect complaint against her in October 2002. Plaintiff seeks this information as proof of the defendants' involvement in a conspiracy against her. Plaintiff also speculates that this person endangered her life by cutting in front of her in traffic. Plaintiff's motion is DENIED.

Plaintiff's Motion for Extension of Time to File Answer (Dkt. #93), Plaintiff's Motion for Extension of Time (Dkt. #97) and Plaintiff's Motion for Permission to Make Service of Motions via Facsimile (Dkt. #107) are DENIED as MOOT.

### Conclusion

For the reasons discussed above, this action is DISMISSED. The Court also finds that, given the frivolous nature of the claims outlined in this lawsuit, that Plaintiff should not be allowed to bring additional lawsuits based on allegations similar to the those raised in this case. As such, the

Court will enter a separate order directing the Clerk not to accept any lawsuit filed by Plaintiff without a prior order from the miscellaneous judge approving such lawsuit.

It is so ORDERED.

SIGNED this 28th day of June, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE